**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mary Hancock, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    14 C 5796 |
| | ) | |
| Bureaus Investment Group Portfolio | ) | |
| No. 10, LLC, an Illinois limited liability | ) | |
| company, and Oxford Law, LLC, a | ) | |
| Pennsylvania limited liability company, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Mary Hancock, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) most of the acts and

transactions occurred here; and, b) one Defendant is headquartered, resides and

transacts business here.

**PARTIES**

3.      Plaintiff, Mary Hancock ("Hancock"), is a citizen of the State of Utah, from

whom Defendants attempted to collect a delinquent consumer debt owed for an MBNA

credit card account, despite the fact that she had exercised her rights, under the

FDCPA,  to refuse to pay the debt and to be represented by the legal aid attorneys at

the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

      4.      Defendant, Bureaus Investment Group Portfolio No. 10, LLC ("BIG10"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its offices in Evanston, and then in Northbrook, Illinois, BIG10 operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant BIG10 was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

      5.      Defendant BIG10 is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect upon via other debt collectors.

      6.      Defendant, Oxford Law, LLC ("Oxford"), is a Pennsylvania limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Oxford operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Oxford was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Hancock.

      7.      Defendants BIG10 is authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, record from the Illinois

Secretary of State, attached as Group Exhibit A.  In fact, Defendants BIG 10 and Oxford

each conduct business in Illinois.

## FACTUAL ALLEGATIONS

8.      Ms. Hancock is a senior citizen, with limited assets and income, who fell

behind on paying her bills, including a debt she owed originally for an MBNA account

that she stopped paying during 2005.  At some point in time after that debt became

delinquent, Defendant BIG10 allegedly bought/obtained Ms. Hancock's MBNA debt, and

when BIG10 began trying to collect the MBNA debt from her, she sought the assistance

of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her

financial difficulties and Defendants' collection actions.

9.      Specifically, Defendant BIG10 hired another debt collector, Assigned

Credit Solutions ("ACS"), to demand payment of the MBNA debt from Ms. Hancock,

which did so by sending her a collection letter, dated March 13, 2008.  A copy of this

collection letter is attached as Exhibit B.

10.      Accordingly, on March 28, 2008, one of Ms. Hancock's attorneys at

LASPD informed Defendant BIG10, through its agent ACS, that Ms. Hancock was

represented by counsel, and directed BIG10 to cease contacting her, and to cease all

further collection activities because Ms. Hancock was forced, by her financial

circumstances, to refuse to pay her unsecured debt.  A copy of this letter is attached as

Exhibit C.

11.      Undeterred, Defendant BIG10 then had another debt collector, Stephens

& Michaels Associates, Inc., send Ms. Hancock a collection letter, dated March 22,

2012, demanding payment of the MBNA debt. A copy of this collection letter is attached as

Exhibit D.

12.     Accordingly, on April 17, 2012, Ms. Hancock's LASPD attorney had to send Defendants yet another letter, directing that communications and collections cease as to the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13.     Moreover, on November 5, 2012, Ms. Hancock sued BIG 10, in a matter styled Hancock v. Bureaus Investment Group Portfolio No. 10, et al, No 12 C 8849 (N.D. Ill.), to make it stop violating the FDCPA.

14.     Ms. Hancock's lawsuit was resolved via a Settlement Agreement and Release, dated December 14, 2012, which specifically provided that Ms. Hancock was "released from any liability for the alleged debt at issue" and that BIG 10 was not to "transfer sell, or assign" that debt. A copy of this settlement agreement is attached as Exhibit F.

15.     In utter disregard for the law, Defendant BIG 10 hired Defendant Oxford to collect the MBNA debt from Ms. Hancock, or, in the alternative, transferred, sold or assigned the alleged MBNA debt to some third party, because on June 3, 2014, Oxford Law sent Ms. Hancock a collection letter that demanded payment of the same MBNA account. A copy of this collection letter is attached as Exhibit G.

16.     Not only is the MBNA account at issue not owed because of the settlement in the prior lawsuit (Exhibit F), it also is time-barred under Utah's statute of limitations for the collection of credit card debts (4 years unwritten/6 years written), see, Utah Judicial Code Title 78B Chapter 2 Section 307 and 309.

17.    Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

19.    Plaintiff adopts and realleges ¶¶ 1-18.

20.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

21.    Here, the letters and prior lawsuit told Defendants to cease collections and cease communications.  By continuing to communicate regarding this debt and demanding payment (Exhibit G), Defendants violated § 1692c(c) of the FDCPA.

22.    Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

23.    Plaintiff adopts and realleges ¶¶ 1-18.

24.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

25.     Defendants knew, or readily could have known, that Ms. Hancock was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibits C and E), that Ms. Hancock was represented by counsel, and had directed a cessation of communications with Ms. Hancock.  By sending a collection letter to Ms. Hancock (Exhibit G), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692e(5) Of The FDCPA –
### Taking An Action That Could Not Be Legally Taken

27.     Plaintiff adopts and realleges ¶¶ 1-18.

28.     Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

29.     Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010, 1022 (7th Cir. 2014).

30.     By collecting the time-barred debt at issue here, without any warning that the debt was beyond the statute of limitations, Defendant took an action that they could not legally take and/or was otherwise deceptive or misleading, in violation of § 1692e of the FDCPA.

31.     Moreover, demanding payment of a debt that is no longer owed due to a settlement, is a further violation of § 1692e of the FDCPA.

32.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692f Of The FDCPA –**
**Unfair And Unconscionable Collection Actions**

33.     Plaintiff adopts and realleges ¶¶ 1-18.

34.     Section 1692f of the FDCPA prohibits debt collectors using unfair or unconscionable means to collect or attempt to collect a debt, see 15 U.S.C. § 1692e(5).

35.     Demanding payment of a debt that is no longer owed (Exhibit G), due to a settlement (Exhibit F), is a violation of § 1692f of the FDCPA.

36.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Mary Hancock, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Hancock, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Hancock, demands trial by jury.

Mary Hancock,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  July 29, 2014

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com